IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


ROBERT OGAS,

       Plaintiff,

vs.                                                                                                     No. CIV 07-351 JC/CEG

BOARD OF THE LAS CRUCES
PUBLIC SCHOOL DISTRICT, In their
Capacity as School Board members
and in their individual capacity; and LOUIS
MARTINEZ, in his capacity as
Superintendent for the District,
and in his individual capacity,

       Defendants.


**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on *Defendants' Motion for Summary Judgment*, filed November 26, 2007 (Doc. 34)("Motion"). Having considered the Motion, the parties' submissions, the relevant authority, and being otherwise fully advised, I find the Motion well taken and it is granted.

**I.     Background**

Plaintiff Robert Ogas is a former employee of Mayfield High School ("MHS") in the Las Cruces Public School District ("LCPS"). Ogas served as a teacher for twenty-seven years and as vice principal or principal of MHS for fourteen. Plaintiff was principal of MHS continuously from 1991 until June 30, 2005, when he submitted his resignation at the age of sixty-four (64) after learning that his administrative contract would not be renewed. Plaintiff brings this suit against the Board of the Las Cruces Public School District (BOD), the BOD members in their

individual and official capacities, and Louis Martinez, former Superintendent of the LCPS, in both his individual and official capacities.

Plaintiff initially filed his Complaint in New Mexico state court and Defendants removed the case to this Court on April 11, 2007. *See Doc. 1*. Plaintiff's claims are grounded in the following legal theories: deprivation of a purported state-created property right in continued employment without substantive or procedural due process, in violation of 14 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution (Count I); discrimination on the basis of his age (over 40) in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.S. §§ 621-634 (Count II); discrimination on the basis of his national origin (Hispanic) in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e et seq. (Title VII) and the New Mexico Human Rights Act, N.M.Stat.Ann. Sec. 28-1-1 et. seq. (Count III); civil conspiracy (Count IV); tortious interference with contract (Count V); intentional infliction of emotional distress (Count VI); breach of contract (Count VII). Plaintiff seeks compensatory and punitive damages, costs and attorney's fees.

On November 26, 2007 Defendants filed the present *Motion for Summary Judgment* (Doc. 34) and *Memorandum of Points and Authorities in Support of Defendants' Motion for Summary Judgment* (Doc. 35). Plaintiff responded with his *Memorandum in Opposition to Defendants' Motion for Summary Judgment* on December 14, 2007 (Doc. 39)("Response"). In their Reply brief, filed January 7, 2008 (Doc. 41), Defendants identified that Plaintiff's Response failed to comply with D.N.M.LR-CIV 56.1 and also failed the requirements of Fed.R.Civ.P. 56. Plaintiff subsequently filed a document styled "*Motion to Request for Surreply*," seeking permission to file a second response brief to cure the admitted defects in the first. In my

Memorandum Opinion and Order dated May 29, 2008 (Doc. 50), I denied that motion because Plaintiff provided no legal or factual basis entitling him to the relief he sought.[1]  Defendants' *Motion for Summary Judgment* is now ready for ruling.

## II.     Legal Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED.R.CIV.P. 56(c).  In responding to a motion for summary judgment, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial."  FED.R.CIV.P. 56(e)(2).   For purposes of a summary judgment motion, the evidence is viewed in the light most favorable to the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  Yet unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment.  *Gross v. Burggraf*, 53 F.3d 1531, 1546 (10th Cir. 1995).  Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

---

[1] In his *Motion to Request for Surreply* (*Doc. 44*), Plaintiff acknowledged that his noncompliance with Rule 56.1(b) was untenable, stating that "[t]he reason is *inexcusable* other than Plaintiff's counsel seldom travels in Federal Court waters...and failed to pay more particular attention to [Rule] 56.1(b)."  I denied the relief requested as a motion for leave to file out of time, a standard that contemplates a different result when, for instance, the request is supported by a showing of *excusable* neglect.  *See, e.g., U.S. v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004).

**III.**     **Discussion**

    A.     Plaintiff Fails the Requirements of Local Rule 56.1(b)

In their *Memorandum of Points and Authorities in Support of Defendants' Motion for Summary Judgment* (*Doc. 35*)("Memorandum"), Defendants set forth ninety-one (91) undisputed material facts, each one concise, numbered and supported by reference to the portion of the record relied upon. The evidence offered by Defendants supports the following conclusions: when Defendant Martinez came on as Principal of MHS in 2003, significant policy changes went into effect; Plaintiff disagreed with the new policies and made his disagreement known; on several occasions Plaintiff acted improperly and in a manner consistent with insubordination; Plaintiff was an administrative employee with a one-year contract that expired in 2005; Plaintiff had been written up and subjected to progressive discipline relating to violations of LCPS policies; and that on May 23, 2005, Plaintiff submitted his Application for Retirement from LCPS.

In his *Memorandum in Opposition to Defendants' Motion for Summary Judgment* ("Response Memorandum"), Plaintiff offers narrative, additional "facts," and hundreds of pages of record "evidence" without identifying wherein lie any genuine issues of material fact in support of his claims. Plaintiff's Response fails the requirements of both Rule 56(c)(2) of the Federal Rules of Civil Procedure and Rule 56.1(b) of the District of New Mexico Local Rules of Civil Procedure, which states in pertinent part:

> A memorandum in opposition to the motion [for summary judgment] must contain a concise statement of the material facts as to which the party contends a genuine issue does exist. Each fact in dispute must be numbered, must refer with particularity to those portions of the record upon which the opposing party relies, and must state the number of the movant's fact that is disputed. All material facts set forth in the statement of the movant will

be deemed admitted unless specifically controverted.

D.N.M.LR-Civ. 56.1(b).  Compliance with Rule  56.1(b) is more than a mere formality and this Court has repeatedly enforced the Rule.  *See Jack v. Potter*, No. Civ. 06-0013 JC/KBM (Oct. 16, 2007)("Because of Plaintiff's failure to controvert Defendant's statement of material facts ... the Court must treat those facts as admitted."); *Hynes v. Dona Ana County Board of Commissioners*, No. CIV 05-1333 LFG/RLP (Oct. 12, 2006)(Failure to comply with Local Rule 56.1(b) is more than a "mere technical violation.  Rather, the court relies on Rule 56.1(b) to determine if there are facts in dispute.  The court therefore accepts as undisputed all of the factual matters in Defendants' brief."); *Zaremba v. United States of America*, No. CIV 05-97 JP/LCS (June 28, 2006)("Plaintiff is deemed to have admitted the Government's statement of facts since her response did not contain a concise statement of specifically disputed facts."); *Garcia v. Chugach Management Services, Inc.*, No. CIV 05-0143 JC/ACT (Feb. 7, 2006)(deeming all facts not properly disputed in accordance with Local Rule 56.1(b) admitted); and *Leyba v. State of New Mexico*, No. CIV 01-1323 JP/RHS (July 25, 2003)("Plaintiffs did not indicate which material facts are in dispute, did not number the facts in dispute, and did not state the numbers of the Defendants' facts that are disputed ....  As Plaintiffs clearly failed to adhere to D.N.M.LR-Civ. 56.1(b), all material facts set forth in Defendant's statement of facts 'will be deemed admitted.'").  Further, the Tenth Circuit has affirmed the district court's authority to fully enforce the provisions of its local rules. *See. e.g., Cross v. Home Depot,* 390 F.3d 1283, 1290 (10th Cir. 2004).

It is also settled that a district court is not expected to comb through a large, raw record in search of possible disputed facts or to construct a party's argument. *See, e.g., Smith v. Eastern*

*New Mexico Medical Ctr.*, 1995 U.S. App. LEXIS 35920, *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1025 (10th Cir.).  In spite of this, I have strained considerably to construe Plaintiff's pleadings in this matter.

> B.   <u>Plaintiff Fails to Identify Facts Creating a Genuine Issue on any of His Claims as Required by Federal Rule 56(c)(2)</u>

It is clear that a district court cannot grant summary judgment pursuant to local rules without making the determinations required by Fed. R. Civ. P. 56(c).  *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190 (10th Cir. 2002).  Plaintiff's resistance to Defendants' Statement of Undisputed Material Facts (UMFs) takes three forms.  First, Plaintiff fails to respond in any way to Defendants' Material Facts Nos. 1-3, 6-8, 14, 17-20, 22-23, 25-28, 30-31, 34-35, 38-40, 42-45, 47, 49-50, 53-54, 57-65, 70-71, 74, 77-78, 81-83, and 85-91.  Therefore, each of these facts is deemed admitted.  *See* Fed.R.Civ.P. 56(c)(2); D.N.M. LR-Civ. 56.1.  Second, while Plaintiff addresses Defendants' UMFs Nos. 4-5, 9-13, 15-16, 21, 24, 29, 32-33, 36-37, 41, 46, 48, 51-52, 55-56, 66-69, 72-73, 75-76, 79-80, and 84, he fails to meaningfully controvert them by reference to evidence and they, too, must be considered undisputed.  Finally, although Plaintiff correctly identifies and avers to dispute Defs' UMFs Nos. 32, 68-69, and 72 by offering additional facts, Plaintiff's counter-facts still do not create a genuine dispute that is material to any of his claims.  In his Response, Plaintiff refers generally to "unconstitutional motive of the Defendants to remove Plaintiff from his position of principal at Mayfield High School" and asserts that Defendants' conduct "was intended to injure the Plaintiff, which was unjustifiable by any government standards."  *Resp.* at 1.  Plaintiff further states that "Defendants' egregious intentional conduct will serve as an awareness of their risk that these actions violated federal law.  These acts were purposely [sic] and intentional acts of discrimination which defeats [sic]

6

the Defendants' qualified immunity defense." *Id*. He also states that "[t]he facts raised by Mr. Ogas' claims in this cause deal directly with §1983 issues and these facts raise genuine issues that defeat a summary judgment claim. All of the elements of a 1983 claim exist in this case: retaliation, property, equal protection, substantive due process and first amendment issues." *Id.* at 11-12.

> I. <u>Plaintiff's Conflicting Affidavit</u>

Plaintiff submits an affidavit in support of his claims and in opposition to summary judgment that conflicts with his earlier, sworn affidavit on several points. First, Plaintiff has changed his earlier version of events related to a student who was suspended for fighting. In response to Defendants' Motion, Plaintiff retracted his earlier sworn statement that he told Superintendent Martinez that he (Plaintiff) could not guarantee the safety of the student if he was permitted to return to school before the original term of suspension had lapsed. Second, Plaintiff changed his earlier sworn statement acknowledging that he (Plaintiff) refused to obey Martinez' command that Plaintiff return to MHS and tell the teachers to focus on their students after they learned that Plaintiff's administrative contract would not be renewed. Defendants correctly identify the recent affidavit as inconsistent with prior testimony from Plaintiff and therefore, an attempt to create a "sham" fact issue on whether Plaintiff behaved improperly, disrespectfully or was insubordinate.

"There is authority for the proposition that in determining whether a material issue of fact exists, an affidavit may not be disregarded because it conflicts with the affiant's prior sworn statements." *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986)(internal citations omitted); *see also Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1104 (7th Cir. 1985) (holding that "an

inconsistent affidavit may preclude summary judgment . . . if the affiant was confused at the deposition and the affidavit explains those aspects of the deposition testimony") 10B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 2738 at 334 ("[A] witness' affidavit will not be automatically excluded because it conflicts with the witness' earlier or later deposition."). A contrary affidavit will be disregarded, however, when it "constitutes an attempt to create a sham fact issue." *Franks*, 796 F.2d at 1237. Factors to be considered in determining whether an affidavit presents a sham issue include "whether the affiant was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion which the affidavit attempts to explain." *Id.* In this case, application of each of the *Franks* factors dictates that I disregard Plaintiff's most recent affidavit. Most notably, (1) Plaintiff's earlier sworn testimony is unequivocal; (2) he was cross examined thereon, and (3) as a party to the conversations giving rise to the evidence, the content of those conversations was uniquely unavailable to Plaintiff at all times. *See id.*

II.     Section 1983/Constitutional Claims

As an initial matter, "[A section 1983] suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same." *Myers v. Oklahoma County Bd. of County Com'rs*, 151 F.3d 1313, 1316 (10th Cir.1998). *See also Watson v. City of Kansas City*, 857 F.2d 690, 695 (10th Cir.1988) (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)).

Plaintiff consistently states that he was unlawfully deprived of "a property right interest in continued employment" without substantive and procedural due process. *Plaintiff's Amended*

*Complaint* at ¶ 43.  Yet Plaintiff offers no evidence from which a reasonable trier of fact could determine that he was entitled to an administrative contract beyond the 2004-2005 school year. Plaintiff served as a school administrator under a one-year contract in accordance with N.M.Stat.Ann Sec. 22-10-21 E, which provides in pertinent part that no school administrator employed by contract has a "legitimate objective expectancy of reemployment" and no school administrator's contract "shall be construed as an implied promise of continued employment pursuant to a subsequent contract."  Further, school administrators are not entitled to the statutory protections provided to certified school instructors who have been employed three or more years, including the right to be notified prior to the last day of the school year whether they will be rehired or terminated.  *See* N.M.Stat.Ann. Sec. 22-10A-26; *Cole v. Ruidoso Mun. Schs.*, 947 F.2d 903, 905 (10th Cir. 1991).  Accordingly, Plaintiff enjoyed no property right in continued employment as Principal of MHS and substantive or procedural due process requirements were not triggered.

   III.   Title VII/ADEA Claims

Plaintiff has identified no competent summary judgment evidence from which a reasonable jury could find that the decision not to renew his administrative contract was the result of discrimination on the basis of his age in violation of the ADEA or his Hispanic ethnicity in violation of Title VII.

The Age Discrimination in Employment Act, 29 U.S.C.S. §§ 621-634, protects individuals who are at least 40 years of age, and makes it unlawful for an employer to discharge any individual because of such individual's age.  29 U.S.C.S. §§ 623(a)(1), 631(a).  To succeed on his ADEA claim, a plaintiff must prove that his discharge was motivated, at least in part, by

age.

In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the United States Supreme Court established a burden allocation scheme for the presentation of proof in Title VII discrimination cases. Plaintiff must first make a prima facie case of discrimination. *Id.* at 506. Plaintiff must show by a preponderance of the evidence that (1) he is a member of a protected class; (2) he is qualified for and/or satisfactorily performing the job; (3) he suffered adverse employment action; and (4) the job remained open and was filled by a person who is not a member of a protected class. *Id.* If a plaintiff successfully establishes the elements of a prima facie case, a rebuttable presumption of unlawful discrimination arises. *Id.* Next, a defendant must produce admissible evidence that the adverse employment action was taken for a legitimate nondiscriminatory reason. *Id.* at 506-07; *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1165 (10th Cir. 1998). If the defendant carries this burden of production, the presumption of unlawful discrimination falls away. *Id.* at 507. A plaintiff then has the opportunity to demonstrate that the proffered reason is "pretextual" or "unworthy of belief" and ultimately that the adverse employment action was, instead, the result of intentional discrimination. *Id.*

Here, Plaintiff states that the various reprimands and letters of concern in his employment file "were obviously calculated to ... set up a pretext for not rehiring him." *Plaintiff's Response* at 2. Plaintiff makes much of the fact that prior to Mr. Martinez becoming superintendent, Plaintiff had enjoyed an excellent employment record and was revered by many at MHS. Plaintiff alleges that Defendant Martinez was hired and directed [by the Board] to "remove [Plaintiff] from his position at [MHS] as well as the district" *Id.* Plaintiff also submits several affidavits supporting the proposition that on a single occasion, Defendant Martinez was heard to say that a particular

LCPS middle school should become a magnet school because "there are a lot of little Mexicans running around at Sierra."  Plaintiff is not Mexican.

First, Plaintiff fails to offer competent evidence from which a fact-finder might determine that he did not resign his position.  Accordingly, Plaintiff fails prong (3) of the required *McDonnell Douglas* showing for a prima facie case (adverse employment action).  Moreover, even if Plaintiff had made out a prima facie case for intentional discrimination based on race, he has failed to offer sufficient evidence of pretext in response to Defendants' nondiscriminatory reasons for the decision not to renew.  Additionally, an isolated comment about the number of Mexicans in the district or school--while undeniably offensive--is insufficient to establish that Defendant Martinez acted with intentional racial bias when deciding not to renew this Hispanic Plaintiff's administrative contract.  Finally, even if Plaintiff is correct that Defendant Martinez and the Board of Directors showed a lack of respect for him even though his past evaluations had been positive, Defendants are correct that this does not create a cause of action.  *Cf. St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 504-05, 508 (1983) ("Prior to [supervisory changes] the plaintiff had enjoyed a satisfactory employment record, but soon thereafter became the subject of repeated and increasingly severe disciplinary actions including demotion and discharge) (the district court concluded that "although [plaintiff had] proven the existence of a crusade to terminate him, he [had] not proven that the crusade was racially rather than personally motivated.").

Similarly, Plaintiff offers no competent summary judgment evidence from which a reasonable trier of fact might find that the decision not to renew Plaintiff's administrative

11

contract was the result of bias against him for being over the age of forty.[2]

    IV.  State Law Claims

Plaintiff also asserts claims for tortious interference with contract, intentional infliction of emotional distress (IIED), breach of contract, and conspiracy.  In New Mexico, "Liability of public employees acting within their scope of duty is governed by the [NM]TCA." *Celaya v. Hall*, 2004-NMSC-005, ¶ 8, 135 N.M. 115, 85 P.3d 239.  The individual Defendants as well as Defendant Board of Directors are public employees for purposes of the New Mexico Tort Claims Act (NMTCA).  Under the NMTCA, public employees are immune from suit for damages for any action they perform while in the scope of their duties.  *Seeds v. Lucero*, 2005- NMCA-067, 137 N.M. 589, 113 P.3d 859.  Under New Mexico law, "a public employee may be within the scope of authorized duty even if the employee's acts are fraudulent, intentionally malicious, or even criminal." *Seeds*, 2005-NMCA-067, ¶10; *see also Vigil v. State Auditor's Office*, 2005-NMCA-096, ¶14, 138 N.M. 63, 116 P.3d 854.  I do not find any facts alleged by Plaintiff that could support a finding that Defendants were not acting within the scope of their duties as administrators for the school district.  Further, the NMTCA does not waive immunity for interference with contractual relations or for intentional infliction of emotional distress.  *See, e.g., El Dorado Utils., Inc., v.  El Dorado Area Water & Sanitation Dist.*, 2005-NMCA-036, 137 N.M. 217, 109 P.2d 305.  Accordingly, Defendants enjoy immunity from suit on Plaintiff's claims for IIED and tortious interference with contract.

    Turning to Plaintiff's conspiracy claim, Plaintiff asserts that Defendant Martinez failed

---

[2]I note that the same basic deficiencies preclude Plaintiff's claims alleging violations of his right to substantive due process as well as his Title VII, ADEA and NMHRA claims.

to renew his administrative contract, thereby terminating his perceived right to continued employment as a school administrator, because Defendants Board of Directors requested that Defendant Martinez do so.

In New Mexico, a civil conspiracy consists of a combination of two or more persons conspiring to accomplish an unlawful purpose or to accomplish a lawful purpose through unlawful means. To be successful, Plaintiff must show that (1) a conspiracy between two or more individuals existed; (2) specific wrongful acts were carried out by the defendants pursuant to the conspiracy; and (3) the plaintiff was damaged as a result of such acts. *Ettenson v. Burke*, 200-NMCA-3, P12, 130 N.M. 67, 17 P.3d 440 (internal quotation marks and citation omitted). It stands to reason that no separate cause of action for a civil conspiracy exists unless a civil action in damages lies against one of the conspirators. *See id.* Therefore, in failing to state a viable claim against any of the Defendants, Plaintiff has necessarily failed to state a New Mexico state law claim for civil conspiracy.[3] Finally, the NMTCA does not waive immunity for the tort of civil conspiracy.

Regarding Plaintiff's claim for breach of contract, it is undisputed that Plaintiff served out the full term of his 2004-2005 contract. Plaintiff was not discharged and even if he had been,

---

[3]Plaintiff does not specify whether he brings his conspiracy theory under state law, federal law, or both. The elements of a conspiracy under 42 U.S.C. Section 1985 are: (1) a conspiracy; (2) to deprive Plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom. *See Kelley*, 375 F. Supp. at 1205. If Plaintiff is in fact asserting a violation of 42 U.S.C. § 1985, such a claim fails for lack of evidence that any qualifying injury or deprivation occurred and, even if such evidence existed, a reasonable trier of fact could not find on the facts here that deprivation was the result of a conspiracy motivated by race or other class-based discriminatory animus. *See United Brotherhood of Carpenters & Joiners of Am. Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 837 (1983).

under New Mexico law Plaintiff enjoyed no right to a future school administrator's contract and he did not pursue a teacher's contract. Accordingly, there is no basis to conclude that any of the Defendants breached a contract with Plaintiff because no contract existed.

## IV.     Conclusion

Plaintiff has failed the pleading requirements of Local Rule 56.1(b) and the substantive requirements of Federal Rule 56, identifying no disputed material facts precluding summary judgment on any of his claims. I find as a matter of law that Plaintiff had no legally protected property interest in his employment as an administrator with the Las Cruces Public School District. This fact, combined with the absence of sufficient, competent evidence that any decisions were made impermissibly based on race or age, preclude Plaintiff's federal claims. Plaintiff's claims sounding in state law are either barred by the NMTCA, lack factual support in the record, or both. Accordingly, there remains no genuine issue of material fact in need of resolution on any of Plaintiff's claims.

WHEREFORE,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment, filed November 26, 2007 (*Doc. 34*) is **GRANTED** and Plaintiff's Complaint is dismissed in its entirety with prejudice.

Dated January 22, 2009.

s/John Edwards Conway

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

      Lawrence M. Pickett, Esq.
      The Pickett Law Firm
      Las Cruces, New Mexico

Counsel for Defendants:

      Ann L. Keith, Esq.
      John S. Stiff & Associates
      Albuquerque, New Mexico